UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. William H. Walls |
| v. | : | Crim. No. 09-137 (WHW) |
| DAVID A. MORO | : | <u>ORDER</u> |

This matter having been opened to the Court by Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey (Leslie Faye Schwartz, Assistant U.S. Attorney, appearing) and defendant David A. Moro (Kevin Carlucci, Assistant Federal Public Defender, appearing), for an order declaring this matter to be a complex case pursuant to Title 18, United States Code, Section 3161(h)(7)(B)(ii), and the Court having considered the arguments of counsel; and the defendant being aware that absent such a finding they would have a right to be tried within seventy days of their first appearance in this district in connection with this matter, pursuant to 18 United States Code, Section 3161(c)(1); and the charges being the result of a lengthy investigation and the defendant needing sufficient time to review extensive discovery and to investigate the charges and file motions in this case; and Ralph J. Marra, Jr., Acting United States Attorney for the District of New Jersey (Leslie Faye Schwartz, Assistant U.S. Attorney, appearing) having concurred in the assertion that this matter is complex as defined in the statute; and the Court having found that an order granting a continuance of the proceedings in the above-captioned matter

should be entered, and for good and sufficient cause shown,

IT IS THE FINDING OF THE COURT that this action should be continued for the following reasons:

1. The thirty-four count Indictment in this case contains allegations that the defendant engaged in a sophisticated fraud and money laundering scheme that occurred over a two-year period involving twelve different victim banks and corporate lending institutions.

2. The discovery in the case is significant, in that it includes, among other things, approximately 40 consensually recorded conversations in the Russian language, numerous items seized during the execution of a search warrant, a large quantity of documents subpoenaed from the various financial institutions, and evidence contained on compact discs which were downloaded from various computer hard drives.

3. The defendant and his counsel needs time to review the extensive discovery in this matter, including listening to conversations recorded in the Russian language and determining whether to accept the government's transcripts or procure their own translator.

4. In light of the serious allegations, the defendant needs sufficient time to investigate the charges.

5. In light of the discovery and depending upon the result of his investigation, the defendant will need time to determine whether or not to file motions in this matter and what motion

should be filed.

6. In light of these findings, and given the nature of the case and its complexity, it is unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established under the Speedy Trial Act.

7. The defendant requested and consents to the aforementioned continuance.

8. The grant of a continuance will enable counsel for the defendant to adequately review the discovery, prepare motions and proceed with trial.

9. Pursuant to Title 18, United States Code, Section 3161 (h)7(A), the ends of justice served by granting the continuance outweigh the best interests of the public and the defendant in a speedy trial.

WHEREFORE, it is on this 9th day of April, 2009

ORDERED that this matter is hereby designated a complex case;

IT IS FURTHER ORDERED that the proceedings in the above-captioned matter are continued from April 8, 2009 until June 30, 2009;

IT IS FURTHER ORDERED that the period between April 8, 2009 until June 30, 2009 shall be excludable in computing time under the Speedy Trial Act of 1974;

IT IS FURTHER ORDERED that the defendant shall file his motions no later than June 30, 2009; and

IT IS FURTHER ORDERED that a schedule of proceedings in this matter shall be set once the defendant's motions have been filed.

_____
HON. WILLIAM H. WALLS
United States District Judge